**Electronically Filed
Intermediate Court of Appeals
CAAP-16-0000352
16-MAR-2018
07:52 AM**

NO. CAAP-16-0000352

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellant, v.
TANIA NAHOOPII, also known as Tanya Nahoopii,
Defendant-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 16-1-0075)

SUMMARY DISPOSITION ORDER
(By: Reifurth, Presiding Judge, and Ginoza and Chan, JJ.)

On January 19, 2016, Plaintiff-Appellant State of
Hawai'i charged Defendant-Appellee Tania Nahoopii, also known as
Tanya Nahoopii, by Felony Information with the offense of
Burglary in the Second Degree in violation of Hawaii Revised
Statutes ("HRS") section 708-811 (2014).[1/]  The charge was based
on Defendant's violation of a trespass warning previously issued
to her by Longs Drugs Stores, Inc.

Defendant filed a Motion to Dismiss Felony Information
as a Matter of Law ("Motion to Dismiss").  Defendant's motion
relied in large part on the decision of the Court of Appeals of
New Mexico in *State v. Archuleta*, 346 P.3d 390 (N.M. Ct. App.

_____

[1/]    The statue provides

> (1) A person commits the offense of burglary in the
> second degree if the person intentionally enters or remains
> unlawfully in a building with intent to commit therein a crime
> against a person or against property rights.

> (2) Burglary in the second degree is a class C felony.

Haw. Rev. Stat. § 708-811.

2014).

The Circuit Court of the First Circuit ("Circuit Circuit")[2/] held a hearing on the Motion to Dismiss. After hearing argument, the Circuit Court granted Defendant's motion. The court explained:

> All right. Court's carefully considered the merits of the instant motion within the context of the evidentiary record and opposition memo filed. I'll note that while the burglary statute appears to, essentially, be clear and normally would not lend itself to a need to consider legislative history, the Court believes it's appropriate under these circumstances to do so and -- looking at the reasons behind the Burglary Second statute, and the Court believes that the application to the circumstances in this case is an unfair extension of that statute. And with that, I'll note that it's because the type of harm that is involved in these type of commercial -- essentially a shoplifting case where an individual has been trespassed that -- that it does not involve the same type of concerns that underlie the burglary statute, which is, essentially, the invasion of one's private space, in particular the risk of potential terrorization of the occupants. And here, as a matter of law, Court believes that it is an unfair extension of that particular provision as applied here.
>
> And so I will grant the motion. And I am persuaded especially by the *Archuleta* decision, although not binding upon the Court, the reasoning contained therein. In this Court's view it is very persuasive. And so the Burglary Second charge will be dismissed with prejudice. However, the State will be permitted, if it sees fit, to file charges, in particular a Theft 4 charge and/or a Trespass charge provided they believe the evidence supports a filing of either of those charges. So it will be with prejudice as to the Burg Second, without prejudice specifically as to Trespass or Theft in the Fourth Degree.

On March 28, 2016, the Circuit Court entered the Findings of Fact, Conclusions of Law, and Order Granting Motion to Dismiss Felony Information as a Matter of Law ("Order Granting Motion to Dismiss"), which dismissed the charge of Burglary in the Second Degree *with* prejudice, but dismissed any charge of Criminal Trespass in the Second Degree or Theft in the Fourth Degree arising out of the incident *without* prejudice.[3/] The State timely appealed.

---

[2/] The Honorable Rom A. Trader presided.

[3/] Although included within the Order Granting Motion to Dismiss, the State does not address the Circuit Court's dismissal without prejudice of any charge of Criminal Trespass in the Second Degree or Theft in the Fourth Degree arising out of the incident in its opening brief. Therefore, we deem those issues waived.

Subsequent to the State's filing of this appeal, the Hawai'i Supreme Court issued its decision in *State v. King*, 139 Hawai'i 249, 386 P.3d 886 (2016), holding that the violation of a trespass warning may not serve as the basis for a charge of Burglary in the Second Degree. The relevant circumstances of this case are indistinguishable from those in *King*.

> In *King*, the supreme court held that the violation of a trespass warning "issued pursuant to HRS § 708-814(1)(b) is not a 'defi[ance] of a lawful order' under HRS § 708-800," and therefore, the violation of a trespass warning "cannot be made a vehicle for a second-degree burglary charge under HRS § 708-811." *Id.* at 257, 386 P.3d at 894 (brackets in original).

*State v. Biggers*, No. CAAP-16-0000407, 2017 WL 1011501, at *1 (Hawai'i App. Mar. 15, 2017); *see also State v. Kihano*, No. CAAP-16-0000281, 2017 WL 1011495, at *1 (Hawai'i App. Mar. 15, 2017); *State v. Pannell*, No. CAAP-16-0000456, 2017 WL 1167220, at *1 (Hawai'i App. Mar. 29, 2017); *State v. Garcia*, No. CAAP-16-0000546, 2017 WL 1944272, at *1 (Hawai'i App. May 10, 2017); *State v. Gerberding*, No. CAAP-16-0000844, 2017 WL 3225185, at *1 (Hawai'i App. July 31, 2017).

Based on *King*, we affirm the Order Granting Motion to Dismiss filed in the Circuit Court of the First Circuit on March 28, 2016.

DATED: Honolulu, Hawai'i, March 16, 2018.

On the briefs:

Stephen K. Tsushima,
Deputy Prosecuting Attorney,
City & County of Honolulu,
for Plaintiff-Appellant.

James S. Tabe,
Deputy Public Defender,
for Defendant-Appellee.

Presiding Judge

Associate Judge

Associate Judge